**In re QWEST COMMUNICATIONS INTERNATIONAL, INC. SECURITIES LITIGATION**

No. CIV.01–RB–1451 (PAC), CIV.A.01–RB–1472, CIV.A.01–RB–1527, CIV.A.01–RB–1616, CIV.A.01–RB–1799, CIV.A.01–RB–1930, CIV.A.01–RB–2083, CIV.A.02–RB–333, CIV.A.02–RB–374, CIV.A.02–d–507, CIV.A.02–RB–658, CIV.A.02–RB–755, CIV.A.02–RB–798.

United States District Court, D. Colorado.

Nov. 25, 2002.

Michael J. Dowd, Milberg, Weiss, Bershad, Hynes & Lerach, LLP, San Diego, CA, Jeffrey Allen Berens, Dyer & Shuman, LLP, Denver, CO, for plaintiffs.

Terence C. Gill, Marcy M. Heronimus, Sherman & Howard, Denver, CO, David R. Boyd, Milberg, Weiss, Bershad, Hynes & Lerach, LLP, San Diego, CA, Alfred P. Levitt, Jonathan D. Schiller, Boies, Schiller & Flexner, L.L.P., Washington, DC, Kirsten E. Gillibrand, Boies, Schiller & Flexner, LLP, New York City, Kenneth F. Rossman, IV, Boies, Schiller & Flexner, LLP, Denver, CO, Donald C. McLaughlin, Jr., Steamboat Springs, CO, John Frederick Cove, Jr., David W. Shapiro, Boies, Shiller, & Flexner, Oakland, CA, for QWest Communications Intern., Inc.

Terence C. Gill, Sherman & Howard, Denver, CO, Michael J. Grudberg, Kimo S. Peluso, Charles A. Stillman, Stillman, Friedman & Shaw, P.C., New York City, Neil Peck, James D. Kilroy, Snell & Wilmer, LLP, Denver, CO, Donald. C. McLaughlin, Jr., Steamboat Springs, CO, for Joseph P. Nacchio.

Terence C. Gill, Sherman & Howard, Denver, CO, Jennifer Lynn Coon, Terry W. Bird, Mark T. Drooks, Vincent J. Marella, Thomas Vincent Reichert, Bird, Marella, Boxer & Wolpert, APC, Los Angeles, CA, Donald C. McLaughlin, Jr., Steamboat Springs, CO, for Robin R. Szeliga.

Terence C. Gill, Sherman & Howard, Denver, CO, Donald C. McLaughlin, Jr., Steamboat Springs, CO, Penelope Anne Graboys, Susan Samuels Muck, Amy M. Ross, Clifford Chance, US LLP, San Francisco, CA, David Meister, John K. Carroll, Clifford Chance, US LLP, New York City, for Robert S. Woodruff.

Terence C. Gill, Sherman & Howard, Denver, CO, Donald C. McLaughlin, Jr., Steamboat Springs, CO, Ty Cobb, Hogan & Hartson, Denver, CO, for Stephen M. Jacobsen.

Terence C. Gill, Sherman & Howard, Denver, CO, Donald C. McLaughlin, Jr., Steamboat Springs, CO, Lee S. Richards, III, Daniel C. Zinman, Richards, Spears, Kibbe & Orbe, LLP, New York City, for Drake S. Tempest.

Terence C. Gill, Sherman & Howard, Denver, CO, Donald C. McLaughlin, Jr., Steamboat Springs, CO, David A. Zisser, Berliner, Zisser, Walter & Gallegos, P.C., Denver, CO, Robert L. Connelly, Jr., Gary Lozow, Blain David Myhre, Isaacson, Rosenbaum, Woods & Levy, P.C., Denver, CO, for Marc B. Weisberg.

Terence C. Gill, Sherman & Howard, Denver, CO, Donald C. McLaughlin, Jr., Steamboat Springs, CO, Robert N. Miller, Stephanie Erin Dunn, Perkins Coie, LLP, Denver, CO, Eden Collins Steele, LeBoeuf, Lamb, Greene & MacRae, L.L.P., Denver, CO, for James A. Smith.

Ty Cobb, Hogan & Hartson, Denver, CO, for Lewis O. Wilks.

Tim Atkeson, Joshua D. Franklin, Arnold & Porter, Denver, CO, for Arthur Andersen LLP.

Bruce F. Black, Michael James Hofmann, Holme, Roberts & Owen, LLP, Denver, CO, Frederick J. Baumann, James M. Lyons, Cindy M. Coles–Oliver, Jesus Manuel Vazquez, Jr., Rothgerber, Johnson & Lyons, LLP, Denver, CO, Mark Christian Hansen, Neil McGill Gorsuch, Kellogg, Huber, Hansen, Todd & Evans, PLLC, Washington, DC, for Philip F. Anschutz, Craig D. Slater.

## ORDER DENYING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER CONCERNING DEFENDANTS JOSEPH P. NACCHIO AND PHILIP F. ANSCHUTZ

BLACKBURN, District Judge.

This matter is before me on the lead plaintiff's Emergency Motion for Temporary Restraining Order [# 155], filed November 4, 2002. This order addresses only the temporary restraining order sought against defendants Joseph P. Nacchio and Philip F Anschutz. Nacchio and Anschutz have filed responses, and the plaintiffs have filed a reply. I have carefully reviewed the plaintiffs' motion, Anschutz and Nacchio's responses, the plaintiffs' reply, and the applicable law. For the reasons discussed below, the motion for temporary restraining order is denied as to the relief sought against Anschutz and Nacchio.

This case involves alleged violations of the securities laws by defendants Qwest Communications International, Inc., Nacchio, Qwest's former CEO and Co–Chairman, and Anschutz, Qwest's former Co–Chairman. Additional defendants are named in the complaint, but the plaintiffs do not seek a TRO as to those defendants. The court has denied the motion for temporary restraining order as to Qwest. The plaintiffs base their motion for a TRO against Nacchio and Anschutz on their claims alleging insider trading by these defendants, asserted under § 11 of the Securities Act of 1933, and §§ 10(b) and 20A of the Securities Exchange Act of 1934. In essence, the plaintiffs ask the court to enter a temporary restraining order freezing the proceeds of Anschutz and Nacchio's alleged insider trading in Qwest stock. Such a freeze, the plaintiffs argue, will ensure that the plaintiffs are able to collect when they obtain the judgment they anticipate in this case.

This is a proposed class action. The proposed class of plaintiffs includes anyone who purchased or otherwise acquired the publicly traded securities of Qwest between May 24, 1999 and February 14, 2002. This case has not been certified as a class action.

### 1. Authority to Impose Injunction

Nacchio and Anschutz argue that a federal district court does not have the authority to impose the type of asset freeze injunction sought by the plaintiffs based on claims seeking damages for securities violations. The plaintiffs argue that they seek equitable relief in their insider trading claims, and that the court's equitable authority includes the authority to impose an asset freeze injunction on insider trading proceeds in order to preserve the court's ability to provide effective equitable relief if the plaintiffs prove their claims.

The court's authority to impose the type of injunction sought by the plaintiffs presents a complex issue that recently has been addressed by the Supreme Court, and other courts. *See, e.g., Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.,* 527 U.S. 308, 119 S.Ct. 1961, 144 L.Ed.2d 319 (1999); *Great–West Life & Annuity Insurance Co. v. Knudson,* 534 U.S. 204, 122 S.Ct. 708, 151 L.Ed.2d 635 (2002); *U.S. ex rel Rahman v. Oncology*

*Assc.,* 198 F.3d 489 (4th Cir.1999); *Newby v. Enron Corp.,* 188 F.Supp.2d 684 (S.D.Tx.2002). However, for the purpose of resolving the current motion, I need not address this issue. Even if I concluded that I have authority to issue the injunction requested by the plaintiffs, I would not issue the injunction based on the analysis of the requirements of Fed.R.Civ.P. 65, discussed below.

### 2. Rule 65 Factors

Assuming without deciding that I have the authority to issue an asset freeze injunction against Nacchio and Anschutz, I conclude that the plaintiffs have not satisfied all of the four key factors that must be proven to support a claim for a TRO or preliminary injunction. A TRO or preliminary injunction is extraordinary relief. A party seeking a preliminary injunction must show 1) a substantial likelihood that the movant eventually will prevail on the merits; 2) that the movant will suffer irreparable injury unless the injunction issues; 3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; 4) that the injunction, if issued, would not be adverse to the public interest. *Lundgrin v. Claytor,* 619 F.2d 61, 63 (10th Cir.1980). A party seeking a temporary restraining order must demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will result absent a TRO. Fed. R. Civ. Pro. 65(b).

*A. Substantial likelihood of success on the merits.* The parties dispute whether the plaintiffs have demonstrated a substantial likelihood of success on the merits. For the purpose of this order, I will assume, without deciding, that the plaintiffs have a substantial likelihood of success on the merits of their insider trading claims.

■ *B. Irreparable injury.* The plaintiffs argue that they will suffer irreparable injury absent a TRO and preliminary injunction because they might be unable to recover a judgment against Nacchio and Anschutz when they obtain the judgment they anticipate. However, as Nacchio and Anschutz note in their responses, the plaintiffs have not alleged any facts to indicate that such a risk actually is present. The plaintiffs argue that "we are justifiably concerned that Anschutz and Nacchio, under the threat of criminal indictment, may take action to conceal themselves or secrete their insider trading proceeds, placing them beyond the reach of plaintiff and the Court." *Plaintiffs' motion,* p. 5. This statement is, essentially, speculation. The plaintiffs have not presented any allegations or evidence that indicate that either Anschutz or Nacchio have taken, or will take, any action to conceal themselves or to secrete their assets, including their alleged insider trading proceeds.

In their reply, the plaintiffs note that Qwest, Nacchio and Anschutz may now lack insurance coverage to pay any judgment against them. The plaintiffs argue that this demonstrates an increased danger that they may not be able to recover on their claims absent a temporary restraining order. These facts, if true, do not tend to establish the particular threat of harm alleged with regard to Nacchio and Anschutz. The loss of insurance coverage does not tend to indicate that Nacchio or Anschutz are likely to flee or to secrete their alleged insider trading proceeds.

In order to establish an actual threat of irreparable injury sufficient to justify a temporary restraining order, the plaintiffs must come forward with evidence of such a threat. To date, the record in this case does not contain such evidence.

*C.* *Threatened injury to plaintiffs versus threatened injury to Nacchio & Anschutz.* To justify a TRO and a preliminary injunction, the plaintiffs must show that the threatened injury to them outweighs whatever damage the proposed injunction may cause the opposing parties, Nacchio and Anschutz. Absent some evidence of threatened irreparable injury to the plaintiffs, the court cannot conclude that the threatened injury to the plaintiffs outweighs whatever damage the proposed injunction may cause Nacchio and Anschutz.

*4. Public interest.* The plaintiffs argue that there is a strong public interest in enforcing the securities laws, and that their proposed TRO and injunction would serve that interest. They claim that the proposed TRO would not have any significant adverse effect on the public interest. Because the plaintiffs have not satisfied the second and third prongs of the relevant analysis, I need not address the fourth prong.

## Conclusion

**THEREFORE IT IS ORDERED** as follows:

1) That the plaintiffs' Emergency Motion for Temporary Restraining Order [# 155], filed November 4, 2002, is **DENIED** as to the temporary restraining order sought against defendants Joseph P. Nacchio and Philip F Anschutz.

2) That this order does not resolve the plaintiffs' motion for preliminary injunction as to Nacchio and Anschutz. Should the plaintiffs develop additional evidence which supports their motion for preliminary injunction as to Nacchio and Anschutz, they may submit a supplement to their motion, **limited to 15 pages**, on or before December 9, 2002.

3) That absent such a filing by the plaintiffs, their motion for preliminary injunction will be denied.